# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KIMBERLY WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:23-cv-00888 |
| ) | |
| **TRISTAR NORTHCREST MEDICAL** ) | |
| **CENTER and HCA HUMAN RESOURCES,** ) | |
| **LLC,** ) | |
| ) | **Jury Demanded** |
| **Defendants.** ) | |

## AMENDED COMPLAINT
## FOR
## AGE AND/OR SEX DISCRIMINATION IN EMPLOYMENT

COMES NOW Plaintiff, Kimberly Walker, by and through her counsel, and sets forth this Complaint against Defendants TriStar NorthCrest Medical Center and HCA Human Resources, LLC, as follows:

### NATURE OF THE CASE

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. (hereinafter "CRA"), alleging sex discrimination against Plaintiff; as well as under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 (hereinafter "ADEA"), alleging age discrimination against the Plaintiff.

### JURISDICTION AND VENUE

2. Federal question jurisdiction arises over the subject matter of this Complaint pursuant to the CRA and the ADEA.

3. Pursuant to 28 U.S.C. §1391(b), venue lies in the Middle District of Tennessee in that Plaintiff resides in Sumner County, Tennessee, in this District and Defendants are corporations operating in Robertson County within this District as well.

**PARTIES**

4. The Plaintiff Kimberly Walker was at the time of the events complained of herein sixty-four (64) years of age and a female employee of NorthCrest Medical Center in Springfield, Robertson County, Tennessee, operating under the name TriStar NorthCrest Medical Center from September 2021 until her termination on January 11, 2022.

5. NorthCrest Medical Center in Springfield, Tennessee, was acquired by Springfield Health Systems, LLC, a Delaware corporation with its principal office at 1 Park Plaza, Nashville, Tennessee, and an affiliate of HCA HealthCare's TriStar Health System, which is also a Delaware corporation with its principal office also at 1 Park Plaza, Nashville, Tennessee. After the acquisition, the NorthCrest Medical Center was renamed the TriStar NorthCrest Medical Center (hereinafter "Hospital") and Defendant HCA Human Resources, LLC, (hereinafter "Company"} a Tennessee corporation with its principal office also at 1 Park Plaza, Nashville, Tennessee, was hired by Defendant TriStar NorthCrest Medical Center to be its agent to employ and manage its human resources staff.

.               **FACTS**

6. Plaintiff Kimberly Walker provided loyal and diligent service to NorthCrest Medical Center in Springfield, Tennessee, as a human resources director for eight and a half years from June June 13, 2013, until January 11, 2022, when she was terminated. She has worked in human resources in the healthcare industry for over forty years.

7. After Springfield Health Systems, LLC, an affiliate of HCA HealthCare's TriStar Health

system, acquired the NorthCrest Medical Center on or about September 2021, it was renamed TriStar NorthCrest Medical Center (hereinafter the "Hospital") and the Plaintiff and all current staff continued their employment with the Hospital, however, the Hospital retained Defendant HCA Human Resources, LLC, as its agent to employ and manage its human resources staff.

8. In November 2021 the Plaintiff was told by Randy Davis, the Hospital's CEO to whom she had reported to prior to TriStar Northcrest Medical Center taking over the Hospital, that her position was being reclassified to the position of Vice President of Human Resources. There were no changes to her job and she was not given a new job description. She did, however, start reporting to Kelly Brimall, who was the Regional Vice President of Defendant HCA Human Resources, LLC.

9. Immediately after Defendant TriStar Northcrest Medical Center took over the NorthCrest Medical Center, the Plaintiff started learning the HCA HealthCare systems and believed all was going well until being shocked during a December 14, 2021, meeting she was called into with Kelly Brimhall and Randy Davis in mid-December where she was told that she was not doing her job. The alleged failures included a "lack of understanding with critical systems", lack of understanding regarding HR processes", and "lack of ambition to learn new processes and learn the 'HCA' way", none of which was true.

10. The Plaintiff was also told in that meeting that, since she was a Vice President, this was a first and final warning and would be her last discipline before being terminated. Because the Plaintiff denied there was any validity to the alleged reasons for the discipline in that meeting, when she signed the disciplinary form, she wrote on it: "I do not agree". This was the first time the Plaintiff had been told of any problems with her performance.

11. At the end of that meeting in December the Plaintiff was asked to "evaluate" the stated concerns and to "develop an action plan to overcome the concerns within 90 days." She immediately

responded in that meeting by telling Mr. Bromhill and Mr. Davis what steps she would be taking on each item to continue learning the HCA systems and fully perform her job.

12. Despite being shocked at hearing the unjustified and false allegations regarding her performance, the Plaintiff increased her efforts to further learn the "HCA way" after the December meeting by attending computer training and visiting another HCA facility to ensure she was fully learning the HCA systems.

13. Unfortunately, despite her continued good performance and diligence in learning the HCA systems, less than three weeks later on January 11, 2022, she was called into another meeting with Defendant HCA Human Resources LLC's Regional Vice President Brimhall and Defendant TriStar Northcrest Medical Center CEO Davis and told she was terminated because she was asked to create an action plan to address deficiencies and they had not received one. Again, in shock, Ms. Walker responded by telling them that she had given them her action plan at the end of that December meeting and was never told she had to also provide an action plan in writing.

14. Adding insult to injury, at the end of that meeting, Plaintiff Walker, despite her many years of loyal and professional service as a human resources manager, was told she had to immediately leave the building without being allowed to get her personal belongings. Otherwise, she was told security would be called to escort her out!

15. Less than a month after the Plaintiff was terminated, the true motive of the discriminatory motive for the termination became overwhelmingly evident when a much younger, less qualified male was announced as her replacement in the position of Vice President of Human Resources.

16. Further evidence that age discrimination was the determining basis for the termination of the Plaintiff is revealed in the fact that a number of other older employees of the hospital, who had, like the Plaintiff, been retained after the takeover of the hospital by Springfield Health Systems, LLC,

an affiliate of HCA HealthCare TriStar Health system, and the renaming of the Center as TriStar NorthCrest Medical Center, were either also terminated by Defendants on false grounds, like the Plaintiff was, or forced to resign, and also replaced by much younger individuals.

17. Plaintiff avers that Defendants did not have a legitimate reason for her termination and that the reason given for her termination was false and a mere pretext for discriminating against her because of her age of sixty-four at the time in violation of the ADEA and/or a mere pretext for discriminating against her because of her sex in violation the CRA.

18. As a result of this discrimination, the Plaintiff has suffered a major loss in pay and benefits.

19. Also as a result of the discriminatory termination, the Plaintiff suffered mental distress, humiliation and embarrassment, and loss of enjoyment of life.

20. The discrimination committed against the Plaintiff was willful, intentional and malicious justifying an award of liquidated damages under the ADEA and an award of punitive damages under the CRA,

21. After the discriminatory termination, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC"). Such charge was filed within three hundred (300) days after the alleged unlawful employment practices alleged in the charge.

22. On June 2, 2023, the EEOC issued the Plaintiff a Notice of Rights letter on her EEOC charge stating that she could file a civil action within ninety (90) days from the receipt of such Notice. .

23. The Plaintiff filed the original Complaint in this case within ninety (90) days after receipt of that Notice of Rights.

# PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays:

1. That the Court find that Defendants discriminated against Plaintiff based on her age in violation of the Age Discrimination in Employment Act;

2. In addition to, or in the alternative, that the Court find that Defendants discriminated against Plaintiff based on her sex in violation of the Civil Rights Act of 1964, as amended;

3. That the Court order Defendants to reinstate Plaintiff to her former position or a comparable position, with full seniority and benefits or, in lieu of such reinstatement, order front pay and benefits until her reinstatement or until she obtains a position with another employer that is comparable in pay and benefits;

4. That the Court award Plaintiff all of her lost pay and benefits, with interest;

5. That the Court award Plaintiff compensatory damages for the mental distress, humiliation and embarrassment, and loss of enjoyment of life she has suffered, and continues to suffer, because of the discriminatory termination in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) or such other amount as the jury deems reasonable to sufficiently compensate her for her injuries and make her whole for all losses suffered;

6. That the Court award the Plaintiff punitive damages for the Defendants intentional sex discrimination against her in violation of her rights under the Civil Rights Act of 1964, as amended;

7. That the Court award the Plaintiff liquidated damages for the Defendant wilful age discrimination against her in violation of her rights under the Age Discrimination in Employment Act of 1967;

8. That the Court award Plaintiff reasonable attorney's fees and expenses for this action; and

9. That the Court award Plaintiff such other and further relief as may be deemed just and proper.

A jury trial is demanded on all counts that are triable by jury.

Respectfully submitted,

**NORWOOD & ASSOCIATES**

   Dan M. Norwood
Dan M. Norwood
Remote Office on the River
2055 Cedar Bluff Drive
Decaturville, Tennessee 38329
Tel: (901) 210-2424
Email: dannorwood@nhalaw.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

**I hereby certify that a copy of this document was served electronically on Robert Boston, counsel for Defendants HCA Heslthcare, Inc. and TriStar Northcrest Medical Center this 27th day of July 2024.**

   **/s/ Dan Norwood**